ELIZABETH R. WELLS, Respondent, *v.* WORLD'S DISPEN-SARY MEDICAL ASSOCIATION, Appellant.

*Court of Appeals, April 15, 1890.*

Affirming, 45 Hun, 588.

1. *Appeal. Objections not raised.*—Where the plaintiff fails to establish on the trial the cause of action set forth in the complaint, but evidence establishing another cause of action is received, without objection having been made to the theory of liability advanced upon the trial, because not within the issues, it is too late to present the objection in the first instance on appeal, nor can a reversal be there claimed upon the ground that the recovery was for a cause of action not alleged in the complaint.

2. *Same. Directing a verdict.*—Though it is the duty of the court to direct a verdict, where the proof of a fact is so preponderating that a verdict against it would be set aside as contrary to the evidence; yet, where the evidence admitted without objection, when taken as a whole, presents a question, though different from the issue raised by the pleadings, for the jury, the court must deny the motion to direct a verdict.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict, and an order denying a motion for a new trial.

*Adelbert Moot*, for appellant.

*H. J. Swift*, for respondent.

PARKER, J.—The complaint alleges in substance, that the defendant, its agents and representatives falsely and

fraudulently represented to the plaintiff that she was suffering from a uterine tumor; that relying thereon, and upon a further statement and assurance that its removal would make her a well woman, she was induced to undergo an operation which resulted in great pain and suffering; that defendant and its servants and representatives well knew at the time of the making of such representation that plaintiff did not have a uterine tumor, or any tumor whatsoever, but the untruthful and fraudulent representations were made, and plaintiff subjected to the agony of an unnecessary operation, for the sole and only purpose of cheating and defrauding the plaintiff out of a large sum of money for the benefit of the defendant.

As the complaint was not amended, according to the judgment record, the allegations of fraud appear to have been sustained by a jury and the damages assessed at $6,000.

We think the evidence did not authorize a finding that plaintiff did not have a tumor or that the defendant or its representatives perpetrated a fraud upon her. Three physicians whose characters are not in any respect assailed testified unequivocally that there was an interstitial fibroid tumor in the neck of the womb about the size of a Concord grape; that before its removal they felt it, and with the aid of a speculum saw it distinctly; that they removed it by means of a platinum knife, heated to a white heat by a galvanic battery, and after its removal examined it.

The evidence adduced by the plaintiff, for the purpose of establishing that there was no tumor, consisted of the testimony of a physician who made an examination about two months before the operation, and did not find it. Indeed, he did not suspect its existence, and was not looking for it. Certainly upon such evidence a jury will not be permitted to aid in an assault upon the professional reputation of a physician by means of a finding that plaintiff has well borne the burden resting upon her to establish the non-existence

of a tumor at the time of the operation. The record, there-
fore, unjustly assails the defendant, and the personal and
professional reputation of each of the physicians making
the examination and assisting in the operation. But no
exception is presented authorizing, as we think, a reversal
of the judgment. Had the evidence been confined to the
issue tendered by the pleadings, the court would have been
required to grant the motion to direct a verdict. For it is
the duty of the court to direct a verdict where the proof of
a fact is so preponderating that a verdict against it would
be set aside as contrary to the evidence. Dwight *v.* Ger-
mania Life Ins. Co., 103 N. Y. 359; 3 N. Y. State Rep. 115,
and cases cited. And an exception to a refusal would have
been error, demanding a reversal of the judgment. When
the motion to direct a verdict was made, however, it had
been conclusively proven that there was a tumor, and that
it was removed by defendant's representatives, and there
was evidence of a substantial character tending to show
that the operation should not have been performed. First,
because the tumor was small, and substantially harmless,
and might disappear by the natural processes of absorption ;
second, on account of the structural and inflammatory con-
dition of the parts, it was but reasonable to apprehend that
inflammation of a serious, if not fatal, character, would fol-
low its removal ; and third, that in view of the enfeebled
condition of the patient, the shock resulting from the opera-
tion would be likely to produce serious consequences. And
that the possession of ordinary and reasonable skill on the
part of a physician required such knowledge. The evidence
on the part of the defendant strongly combatted this view,
and tended to show that its removal was justified by prece-
dent and good surgery. But the evidence taken as a whole
presented a question for the jury, and, therefore, the court
rightly denied the motion to direct a verdict.

Appellant's contention here is, that assuming that under
proper pleadings the evidence authorized a finding against

the defendant because of the removal of the tumor, nevertheless it was error to deny the motion because the facts were not set forth in the complaint.

We agree with counsel that the complaint does not tender the issue which we have held was properly presentable to the jury at the close of the case. Had an objection been taken to the admission of the evidence on the ground that it was not within the scope of the pleadings, or by some other proper objection the attention of the court had been directed to the fact that such evidence was not within the issues, the position of the appellant would be impregnable. A careful examination of the record, however, fails to disclose a single objection to the admission of evidence upon any such ground. Indeed, both sides thoroughly litigated the question of the propriety, from a medical standpoint, of removing the tumor. And it is evident from the charge of the court that he understood it to be one of the issues directly involved. Our attention is called to the first ground of defendant's motion for a direction, in which he states " that the gravamen of the action is, that defendant removed a tumor from the plaintiff, when no tumor, in fact existed. * * *" But he did not suggest that a recovery could not be had upon any other phase of the evidence, because not within the issues tendered by the complaint. On the contrary the grounds following assume the existence of the issue, but ask for a direction for that there "is no evidence that the tumor was improperly removed."

The same method was pursued in making requests and taking exceptions to the charge. True, at the close of the charge an exception was taken to the court's submission of any other question of fact to the jury than whether there was a tumor. But it was not placed upon the ground that it was not permissible under the pleadings. It did not tend to call the attention of the court or plaintiff's counsel to the fact that the pleadings were not broad enough to cover it. In view of the manner in which the trial had been con-

ducted by counsel, and the grounds assigned for the motion to direct a verdict, the exception more naturally suggested that in the judgment of counsel the propriety of the removal of the tumor was established beyond question.

A careful consideration of the whole case impresses upon us the thought that the defendant's confidence in the correctness of its position was so great as to have led it to court a contest upon every ground of liability alleged in the pleadings or assigned upon the trial.

No objection having been made to the theory of liability advanced upon the trial, that the removal of the tumor was improper, because not within the issues, it is now too late to object. Wellington *v.* Morey, 90 N. Y. 656; Vann *·v.* Rouse, 94 Id. 407; Tarbell *v.* Royal Exchange Shipping Co., 110 Id. 170; 17 N. Y. State Rep. 153.

As no exceptions were taken to that portion of the charge submitting to the determination of the jury whether there was a tumor, the propriety of it is not open to review. There are no exceptions justifying a reversal of the judgment.

The judgment should be affirmed.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.